### Adam Emig v. John A. Barnes, Assignee, etc.

1. TRUSTS—*Duty of Courts in Administering.*—Courts, in the administration of a trust fund, should not allow the fund to be unnecessarily depleted for any purpose.

**Voluntary Assignments.**—Error to the County Court of Clay County; the Hon. BEN. HAGLE, Judge, presiding. Heard in this court at the February term, 1898. Reversed and remanded. Opinion filed September 9, 1898.

#### STATEMENT.

On the 10th of June, 1893, Henry A. Blanck confessed a judgment, in vacation, in the Circuit Court of Clay County, in favor of E. A. Medley, for the sum of $1,540—$40 of which was for attorney's fees. On the morning of the 20th of the same month he confessed another judgment in the same court in favor of Janis Saunders & Co. for $586.35—

$53.35 of which was for attorney's fees; and on the same day executions were issued on both judgments, to the sheriff of the county, who levied them on a stock of goods owned by Blanck. A few hours after the levies were made and on the same date, he made an assignment of his property for the benefit of his creditors, to defendant in error. Plaintiff in error was a creditor of the insolvent for a much greater sum than that of all the other creditors combined, including the two judgment creditors, and he gave notice of a contest of the judgments and levies as well as a claim of one August Hartman for labor. Thereupon the County Court of Clay County, by consent of all parties, entered an order that the stock of goods be turned over to the assignee, to be by him sold, and the proceeds of the sale held by him to abide the result of the contest; and the assignee sold the stock for $4,000.

The matter of the contest was taken by change of venue to the Circuit Court of Marion County, which, after considerable delay, decided that the liens of the executions, except as to the attorney's fees, were valid first liens on the property, and ordered them paid. And the court further found " that as to all other matters of contest the issues are found against the said Adam Emig, the contesting creditor."

After the termination of the contest, defendant in error filed his report in the County Court of Clay County, in which he charged himself with the sum of $4,519.58 received from all sources, and credited himself with the payment of the two executions, less the attorney's fees, also with $400 paid to the insolvent, as his legal exemptions, with other small items of costs and expenditures in the administration of the estate, and also credited himself with $214 paid to "August Hartman account," and attorney's fees amounting to $350. He also asked credit for $700 for " assignee's fees and expenses."

Plaintiff in error filed exceptions to the allowance of the sum paid Hartman, as well as the attorney's fees and assignee's fees. The court not only overruled the exceptions but heard evidence, and increased the attorney's fees $250, to which plaintiff in error excepted.

VAN HOOREBEKE & LOUDEN, attorneys for plaintiff in error.

HOFF & HOFF & SHRINER, attorneys for defendant in error.

MR. JUSTICE BIGELOW delivered the opinion of the court.

The assignments of error bring before us only the order overruling the exceptions to the assignee's report, and the order approving it, with the further order allowing the additional attorney's fees.

As to the item of August Hartman's claim, the exceptions to it were in issue on the trial had in the Circuit Court of Marion County. That court sustained the exceptions of the contesting creditors as to certain items of claims therein named, not including Hartman's claim, and the record recites that "the court further finds that as to all other matters of contest, the issues are found against the said Adam Emig, the contesting creditor." We are of opinion this judgment warranted the County Court in approving the item in the assignee's report as to Hartman's claim.

From a careful examination of the record we are unable to discover any necessity for the employment by the assignee of so many attorneys.

The contest between the plaintiff in error, and the parties who had recovered judgments against the insolvent, and had their executions levied, for some reason lingered in the courts for some time, but the matter was attended to by attorneys employed and paid by the contestants, and was no concern of defendant in error.

Courts in the administration of a trust fund should not allow the fund to be unnecessarily depleted for any purpose.

As to the item of assignee's fees and expenses, there is nothing in the case that will warrant a court in allowing more than the usual rate fixed by law, for the administration of estates of deceased persons, which is six per cent on the sums received and paid out; and even if defendant in error was put to a considerable trouble in the matter, as he claims, he will be well recompensed by commission on the whole sum which passed through his hands, including over

$2,000 paid to the two preferred creditors on account of their prior execution liens on the stock of goods, which he sold *en masse.*

Appellant insists that appellee should account for interest on the fund that remained in his hands for several years. Of course, if he used the fund, or any part of it, or received any interest on it, he should account for it, as that is only common honesty; but there is no evidence in the record that he did use it or that he received any interest on it; and as he was not the cause of the delay in disbursing it, we are not prepared, under the circumstances appearing in the case, to hold him for more than the principal of the fund.

Because the County Court erred in approving the report of the defendant in error as to the item of attorney's fees paid, and the assignee's claim for fees and expenses, as well as in allowing further attorney's fees not contained in the report of the assignee, the order and decree of the court in those respects is reversed and the cause remanded, with directions to allow the assignee a credit of $250 for all attorney's fees paid and to be paid by him, and to allow him six per cent commission on all moneys received and paid out by him. Reversed and remanded.